UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

ESTRELLA JULIER GUIZADO ROMERO,

Petitioner,

v.

MARKWAYNE MULLIN, *et al.*,

Respondents.

Case No. 2:26-cv-01307-RFB-DJA

**ORDER GRANTING WRIT OF HABEAS CORPUS**

Before the Court is Petitioner Estrella Julier Guizado Romero's Petition for Writ of Habeas Corpus, which she filed pursuant to 28 U.S.C. § 2241. See generally Pet. for Writ of Habeas Corpus, ECF No. 1 [hereinafter, "Petition"]. Through it, she challenges the lawfulness of her ongoing incarceration at the Henderson Detention Center in the custody of Immigration and Customs Enforcement ("ICE"). Respondents are detaining Petitioner without providing an opportunity for release on bond, as they assert that she is subject to 8 U.S.C. § 1225(b)(2)(A). See Resp'ts' Resp. 1–2, ECF No. 5 [hereinafter, "Opposition"]. In turn, the Court finds that Ms. Guizado Romero's detention violates the Immigration and Nationality Act ("INA"), as she is a member of the Jacobo Ramirez Class and, therefore, she cannot be detained pursuant to 8 U.S.C. § 1225(b)(2)(A). Instead, her detention is governed by 8 U.S.C. § 1226(a) and its implementing regulations. Accordingly, the Court awards Petitioner a writ of habeas corpus and orders Respondents to immediately release her under the terms of her prior grant of bond.

I.      BACKGROUND

As a preliminary matter, the Court makes the following findings of fact based on the Parties' undisputed factual allegations and the evidence they supply. See Carlson v. Landon, 186

F.2d 183, 188 (9th Cir. 1950) (citing Whitten v. Tomlinson, 160 U.S. 231, 242 (1895)).

Ms. Estrella Julier Guizado Romero is a Peruvian immigrant who entered the United States alongside her family on June 1, 2023. See R. of Inadmissibility/Deportability 2–3, ECF No. 5-1 [hereinafter, "I-213"]; Petition at 2. Although Ms. Guizado Romero entered without inspection, admission, or parole, see I-213 at 1–2, Customs and Border Patrol released Petitioner on her own recognizance. See id. at 3; Petition at 2. Simultaneously, the Department of Homeland Security ("DHS") launched removal proceedings against Ms. Guizado Romero, charging her as removable under 8 U.S.C. § 1182(a)(6)(A)(i) ("A[ ] [noncitizen] present in the United States without being admitted or paroled . . . is inadmissible."). See Notice to Appear 5, ECF No. 5-1 [hereinafter, "NTA"].

For the next two years, Ms. Guizado Romero resided continuously within our borders without incident. See I-213 at 2–3 (outlining her immigration, criminal, and employment history in the United States). Then, on June 2, 2025, Petitioner was arrested by the Las Vegas Metropolitan Police Department ("LVMPD") for the offense of domestic battery, which is a misdemeanor in the City of Las Vegas. See id. at 3. This charge remains pending. See id.  Approximately one month later, ICE assumed custody of Ms. Guizado Romero pursuant to an immigration detainer, which ICE filed shortly before Petitioner was released from state detention. See id. at 2. Shortly thereafter, Ms. Guizado Romero requested a custody redetermination, and Immigration Judge Ann McDermott ordered DHS to release her on a $10,000 bond. See Order of the Immigr. Judge 1, ECF No. 6-1 [hereinafter, Bond Order].

But her freedom was short-lived, as DHS appealed Ms. McDermott's decision, and the Board of Immigration Appeals ("BIA") concluded that Petitioner is categorically subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A). See E-J-G-R, AXXX-XXX-575, at 1 (BIA Feb. 9, 2026) [hereinafter, "BIA Order"]. In reaching this conclusion, the BIA relied exclusively on its recent decision in Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025), which mutated § 1225(b)(2)(A) into an instrument of mass detention that covers *any* noncitizen who entered our country without inspection. See Jacobo Ramirez v. Mullin, No. 2:25-cv-02136-RFB-MDC, 2026 WL 879799, at *9 (D. Nev. Mar. 30, 2026) (citation omitted). Relevant here,

Matter of Yajure Hurtado has since been vacated by this Court. See id. at *33. Nonetheless, ICE (re)detained Ms. Guizado Romero on April 27, 2026. See Petition at 3.

That same day, Ms. Guizado Romero turned to this Court, where she filed a petition for a writ of habeas corpus. See generally id. Like the BIA, Respondents invoke their novel statutory interpretation of § 1225(b)(2)(A) to justify Petitioner's detention, *even though* they concede that she is a member of the Jacobo Ramirez Class. See Opposition at 1–2. Respondents offer no other basis for Petitioner's detention. See generally id. To this Court's knowledge, her bond has yet to be revoked, as contemplated by the INA and its implementing regulations. See 8 U.S.C. § 1226(b); 8 C.F.R. § 1236.1(c)(9). Even so, Respondents have yet to return her $10,000 bond. See Petition at 3. And Petitioner remains in detention to this day.

## II.   JURISDICTION

Before assessing Petitioner's claim, the Court briefly reaffirms its own jurisdiction over this case. See Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006) ("[C]ourts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.") (citation omitted). It is well settled that this Court has jurisdiction to grant writs of habeas corpus to noncitizens who are being detained "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241; U.S. CONST. art. I, § 9, cl. 2; Trump v. J.G.G., 604 U.S. 670, 672 (2025). Furthermore, the Court has already found that the INA does not strip this Court of jurisdiction over Petitioner's claim, which is ultimately a class claim. See infra Part III.a (finding that Petitioner is a member of the Jacobo Ramirez Class); see also Jacobo Ramirez v. Noem,[1] --- F. Supp. 3d. ---, 2026 WL 310090, at *8–14 (D. Nev. Feb. 5, 2026) (holding that 8 U.S.C. § 1252 does not bar this Court from hearing class members' challenges to Respondents' unlawful mandatory detention policies). Therefore, the Court concludes that it has subject-matter jurisdiction over this case and proceeds to the merits of Petitioner's claim.

---

[1] Kristi Noem has since been substituted for Markwayne Mullin, the current Secretary of Homeland Security, pursuant to the Federal Rules of Civil Procedure. See FED. R. CIV. P. 25(d).

### III.    DISCUSSION

Since Ms. Guizado Romero is a member of the Jacobo Ramirez Class, she is not subject to detention under § 1225(b)(2)(A). Instead, she is subject to § 1226(a), which supplies an opportunity for release on bond. As such, her ongoing incarceration violates the INA, its implementing regulations, and this Court's prior grant of partial summary judgment. Finally, because Petitioner has already been granted bond, which has yet to be revoked, the Court concludes that she must be immediately released from government custody.

#### a.    UNLAWFUL DETENTION

Initially, the Court finds that Petitioner is a member of the Jacobo Ramirez Class, such that her ongoing detention under § 1225(b)(2)(A) is plainly unlawful.

Earlier this year, the Court granted partial summary judgment in favor of a certified class of noncitizens who are challenging Respondents' mandatory detention policies. Amongst other things, the Court: (i.) declared that Respondents' interpretation of § 1225(b)(2)(A) is wrong; (ii.) declared that members of the Jacobo Ramirez Class are eligible for release on bond under 8 U.S.C. § 1226(a); and (iii.) vacated Respondents' related policies—namely, the BIA's decision in Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025). See Jacobo Ramirez v. Mullin, No. 2:25-cv-02136-RFB-MDC, 2026 WL 879799, at *33–34 (D. Nev. Mar. 30, 2026). Critically, the Jacobo Ramirez Class includes the following people:

> All noncitizens in the U.S. without lawful status (1) who are or will be arrested or detained by ICE; (2) who are or will be in removal proceedings before an Immigration Court within the District of Nevada; (3) whom DHS alleges or will allege to have entered the United States without inspection or parole; (4) who are not or will not be subject to detention under 8 U.S.C. §§ 1226(c), 1225(b)(1), or 1231 at the time they are scheduled for or request a bond hearing; and (5) whose most recent arrest by ICE occurred inside the United States and not while arriving in the United States.

Id. at *4 (citation omitted).

Like the Parties, see Opposition at 1–2; Petition at 3–4, the Court finds that Petitioner satisfies these criteria. First, Petitioner is an undocumented noncitizen who is actively being detained by ICE. See Petition at 1. Second, she is in removal proceedings before the Las Vegas Immigration Court, which sits in the United States District of Nevada. See id. at 4; I-213 at 3.

- 4 -

Third, DHS alleges that Petitioner entered the United States without inspection, admission, or parole. See Petition at 4; NTA at 5. Fourth, Respondents are detaining Ms. Guizado Romero pursuant to § 1225(b)(2)(A); in other words, the government is not asserting that Petitioner is subject to detention under §§ 1226(c), 1225(b)(1), or 1231. See Opposition at 1–2; Petition at 4. Fifth, Petitioner was arrested well within our country's interior, long after she entered the United States. See Petition at 1–2; I-213 at 2. Thus, Petitioner falls neatly within the Jacobo Ramirez Class, and she is entitled to the relief afforded to the Class by this Court. Cf. Navarro v. Mukasey, 518 F.3d 729, 737 (9th Cir. 2008) ("They are, accordingly, class members eligible for relief.").

Therefore, Petitioner's ongoing detention is unlawful, as the government is improperly subjecting her to mandatory detention under § 1225(b)(2)(A), even though she is eligible for release on bond pursuant to § 1226(a). See Jacobo Ramirez, 2026 WL 879799, at *33–34. Put differently, Respondents are detaining Ms. Guizado Romero based on their faulty statutory interpretation, which this Court has *already invalidated*. They are detaining Petitioner based on a policy which has *already been vacated* by this Court. In other words, Respondents' conduct is premised on illegality and flies in the face of the rule of law.

### b. REMEDY

Having found that Petitioner's ongoing detention is unlawful, the Court turns to the proper remedy. Before fashioning a remedy for this specific case, the Court outlines some general principles which govern habeas corpus proceedings. Federal courts have equitable discretion to fashion habeas relief as "law and justice require." Brown v. Davenport, 596 U.S. 118, 132 (2022) (quoting 28 U.S.C. § 2243). Indeed, this Court's remedial power is "broad and flexible" when it sits in habeas. See U.S. v. Handa, 122 F.3d 690, 691 (9th Cir. 1997) (citation omitted); Burnett v. Lampert, 432 F.3d 996, 999 (9th Cir. 2005) ("Federal courts have a fair amount of flexibility in fashioning specific habeas relief. . . . The court is free to fashion the remedy as law and justice require . . . .") (citation omitted). Nonetheless, since "[h]abeas is at its core a remedy for unlawful executive detention," "[t]he typical remedy for such detention is, of course, release." Munaf v. Geren, 553 U.S. 674, 693 (2008) (citations omitted). Since Ms. Guizado Romero has already been granted release on bond, and her bond has yet to be revoked, the Court finds that the typical remedy

is the appropriate one in this case.

Under the INA, the government "may release [a noncitizen] on . . . [a] bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General." 8 U.S.C. § 1226(a)(2)(A). Although the INA is silent as to the precise procedures governing bond, § 1226(a)'s implementing regulations provide greater clarity. See generally 8 C.F.R. § 1003.19. Essentially, "a detainee may request a bond hearing before an [immigration judge] at any time before a removal order becomes final." Rodriguez Diaz v. Garland, 53 F.4th 1189, 1197 (9th Cir. 2022) (citations omitted). "If at this hearing the detainee demonstrates . . . that [they are] not 'a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk,' the [immigration judge] *will* order [their] release." Id. (emphasis added) (first quoting Matter of Guerra, 24 I&N Dec. 37, 40 (BIA 2006); then citing Matter of Barreiros, 10 I&N Dec. 536, 537–38 (BIA 1964)).

Here, Ms. Guizado Romero has already requested a custody redetermination, an immigration judge granted her release on bond, and she was released from government custody in accordance with Respondents' own binding regulations. See Petition at 2–3; Bond Order at 1; cf. also Backcountry Against Dumps v. Fed. Aviation Admin., 77 F.4th 1260, 1267 (9th Cir. 2023) ("A federal agency . . . is obliged to abide by the regulations it promulgates.") (citations and quotation marks omitted). Respondents have not even attempted to show that her bond has been revoked; indeed, they have not identified a single "changed circumstance[ ]" which would justify re-detention. See Panosyan v. Mayorkas, 854 Fed. Appx. 787, 788 (9th Cir. 2021) (citation omitted). Respondents only justification for Petitioner's continued detention is Matter of Yajure Hurtado, a vacated policy that is premised on faulty legal reasoning which has already been invalidated by this Court. Petitioner should not have been re-detained; instead, she should be at liberty subject to the very conditions imposed by Respondents' themselves. As such, the Court concludes that she should be immediately released on those same terms.

## IV.    CONCLUSION

In sum, Ms. Guizado Romero is a member of the Jacobo Ramirez Class, such that her

detention under § 1225(b)(2)(A) is categorically unlawful. Although Respondents concede this, they have subjected her to mandatory detention for weeks. See Opposition at 1–2. In doing so, they have disregarded the Court's prior order, wasted limited judicial resources, and subjected Ms. Guizado Romero to unnecessary harm. Worst of all, Respondents offer no excuse—much less a legitimate justification—for their conduct. Respondents have already been admonished for flouting this Court's orders. See Jimenez Gomez v. Dep't of Homeland Sec., No. 2:26-cv-00922-RFB-DJA, 2026 WL 1164736 (D. Nev. Apr. 29, 2026). At this rate, the Court will have no choice but to adopt "more aggressive measures," "including contempt," to address their misconduct.

For the foregoing reasons, **IT IS HEREBY ORDERED** the Petition for Writ of Habeas Corpus (ECF No. 1) is **GRANTED**. Respondents must **IMMEDIATELY RELEASE** Petitioner, subject to the terms of her prior grant of bond. See generally Bond Order. In other words, Respondents are **ENJOINED** from imposing additional conditions, or monetary requirements, on Petitioner's liberty unless, and until, they properly re-detain her pursuant to their own binding regulations and the United States Constitution. Respondents have until **3:00 P.M.** on **May 11, 2026**, to comply with this Order.

**IT FURTHER ORDERED** Respondents must **INFORM** Petitioner's Counsel of the date, time, and location of Petitioner's release at least two hours before they effectuate it.

**IT IS FURTHER ORDERED** that, upon Petitioner's release, Respondents must **RETURN** her personal property, including, but not limited to, her personal identification document(s), employment authorization form(s), etc.

**IT IS FURTHER ORDERED** that Respondents are **PERMANENTLY ENJOINED** from detaining Petitioner pursuant to 8 U.S.C. § 1225(b)(2)(A).

**IT IS FURTHER ORDERED** the Parties shall file a joint status report by **May 12, 2026**, which confirms Respondents' compliance with this Order. The status report must: (i.) confirm the date, and time, of Petitioner's release from detention and (ii.) confirm Respondents' compliance with this Court's directives concerning the conditions of her release.

The Clerk of Court is kindly instructed to enter judgment accordingly and close this case. The Court retains jurisdiction to enforce its order and judgment. Petitioner may move to reopen

this case to enforce the judgment without filing a separate case. The Court also retains jurisdiction to consider Petitioner's request for fees and costs pursuant to 28 U.S.C. § 2412. Petitioner may file an application for fees and costs consistent with the deadlines and requirements set forth in 28 U.S.C. § 2412 and this Court's Local Rules of Practice 54-1 and 54-14.

**DATED:** May 10, 2026.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**